a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EDDIE RAY FORD, Petitioner | CIVIL ACTION NO. 5:19-CV-1428-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JERRY GOODWIN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Eddie Ray Ford ("Ford") (#088167). Ford is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Ford challenges his convictions of second-degree murder and armed robbery.

Because the Petition (ECF No. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

## I.   Background

Ford was convicted of second-degree murder and armed robbery in the First Judicial District Court, Caddo Parish. *State v. Ford*, 363 So.2d 447, 448 (La. 1978). Ford was sentenced to consecutive sentences of life imprisonment on the second-degree murder conviction and 60 years at hard labor on the armed robbery conviction. *Id.* The convictions and sentence were affirmed. *Id.*

Ford filed an application for post-conviction relief in 2017. *Ford v. Goodwin*, 2018-1486 (La. 9/14/18, 1); 251 So.3d 1086. The application was denied, as were

supervisory writs. The Louisiana Supreme Court noted that the application was not timely filed in the district court, and Ford failed to carry his burden to show that an exception applied. *State v. Ford*, 2018-1674 (La. 9/17/19); 278 So.3d 965 (citing La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189).

In his § 2254 Petition, Ford alleges that his convictions violated the prohibition against "double jeopardy." ECF No. 1 at 6. Ford also alleges that his attorney was ineffective for failing to raise the double jeopardy claim on appeal. ECF No. 1 at 7.

## II. Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for

post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must follow the applicable laws and procedural rules. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

The Louisiana Supreme Court determined that Ford's application for post-conviction relief—filed approximately 39 years after Ford's conviction—was untimely filed under article 930.8 of the Louisiana Code of Criminal Procedure. *State v. Ford*, 2018-1674 (La. 9/17/19); 278 So.3d 965. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 241, 226 (2002)). Therefore, Ford's application cannot be considered "properly filed," and the limitations period under the AEDPA was not tolled while the application was pending. *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000).

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th

3

Cir. 2010). A petitioner bears the burden of proving entitlement to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)). Ford presents no facts establishing his entitlement to equitable tolling. Ford does not claim to have been actively misled by the State about the cause of action, or prevented in any extraordinary way from asserting his rights.

### III. Conclusion

Because the Petition is untimely, IT IS RECOMMENDED that Ford's § 2254 Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 31st day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5